**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13383
_____

In re: NO RUST REBAR, INC.,

*Debtor.*

_____

DONALD SMITH,
GLOBAL ENERGY SCIENCES, LLC,
RAW ENERGY MATERIALS CORP.,
RAW MATERIAL CORP.,
RAW, LLC,

*Plaintiffs-Appellants,*

YELLOW TURTLE DESIGN, LLC,

*Plaintiff,*

*versus*

SONYA SALKIN SLOTT,
GREEN TECH DEVELOPMENT, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61666-RKA

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether a bankruptcy court erred when it ordered the substantive consolidation of four entities it found were alter egos of the debtor entity. Donald Smith owns and operates the debtor entity, No Rust Rebar, and four other non-debtor entities. After finding that those entities operate from the same location, commingle assets, and fail to maintain corporate formalities, the bankruptcy court granted the trustee's motion to substantively consolidate them. Because the bankruptcy court had the power to make that determination and any procedural error in granting the motion was harmless, we affirm.

## I. BACKGROUND

Donald Smith owns and operates No Rust Rebar. Smith also owns and controls four other entities: Raw Materials, Raw Energy Materials, Global Energy Sciences, and Raw. He is the "sole officer and Director" of Raw Materials and Raw Energy Materials and the "sole and managing member" of Global Energy Sciences and Raw. Smith described No Rust and the non-debtor entities as "a family" that works together to produce and sell products made from basalt

fiber. Each entity has the same principal place of business except Global Energy Sciences, which lists the address for Smith's home.

No Rust filed a voluntary Chapter 11 bankruptcy petition in 2021. A creditor moved to convert the case to a Chapter 7 liquidation. As part of that proceeding, Smith was deposed as the corporate representative for each of the non-debtor entities. The bankruptcy court then held a four-day evidentiary hearing at which Smith testified based on his knowledge as the representative of each of the non-debtor entities.

After the evidentiary hearing, the bankruptcy court converted the case to a Chapter 7 liquidation. In its conversion order, it found that No Rust and the non-debtor entities are "a group of commingled entities whose responsibilities, assets, and liabilities were constantly shuffled to fit Smith's needs or whims." It relied on Smith's testimony that No Rust and the non-debtor entities "failed to maintain corporate formalities largely because [they] were] all closely held companies that he personally controlled." And it found that "Smith commingled No Rust's assets with those of the [non-debtor entities] and possibly himself, regularly transferred assets between No Rust and other [non-debtor entities] at his sole discretion and failed to maintain sufficient records showing the nature of those transfers and transactions."

The bankruptcy court appointed Sonya Slott to serve as trustee. Slott moved to substantively consolidate the non-debtor entities into the estate based on their substantial identity. Slott served a copy of the motion and notice of a hearing on each of the non-

debtor entities by first-class mail at the same address. She served the same on Smith personally at the same address. She also served all No Rust's creditors, all known creditors of the non-debtor entities, and all potential interested parties, none of whom objected.

The non-debtor entities all objected to the motion. Represented by the same counsel that represents No Rust, they objected to issue preclusion and personal jurisdiction and argued that substantive consolidation required an adversary proceeding and an additional evidentiary hearing. They did not argue that substantive consolidation was improper based on the factors we identified in *Eastgroup Properties v. Southern Motel Ass'n*, 935 F.2d 245, 249–50 (11th Cir. 1991), or explain how an additional evidentiary hearing would change the outcome. At the first hearing on the motion, the bankruptcy court invited the non-debtor entities to submit supplemental briefing regarding any substantive arguments. But the non-debtor entities made the same procedural arguments in their supplemental brief and at a second hearing without meaningfully addressing the merits of substantive consolidation.

The bankruptcy court granted the consolidation motion. It reviewed each of the *Eastgroup* factors to determine whether substantive consolidation was proper. It found that "Smith is the princip[al], majority shareholder, and president" of No Rust and each of the non-debtor entities. Each of the entities "operated out of the same location" and "used the same corporate emblem" on their checks. And it found that Smith "commingled No Rust's assets with

the assets" of the non-debtor entities. The non-debtor entities appealed to the district court, where they made only procedural arguments. The district court affirmed the substantive consolidation order.

## II. STANDARDS OF REVIEW

"As the second court to review the judgment of the bankruptcy court, we review the order of the bankruptcy court independently of the district court." *In re TOUSA, Inc.*, 680 F.3d 1298, 1310 (11th Cir. 2012). "We review determinations of law made by either court *de novo*." *Id.* "We review the findings of fact of the bankruptcy court for clear error." *Id.* "An error is presumed harmless unless it affected the substantial rights of a party." *In re Club Assocs.*, 951 F.2d 1223, 1234 n.13 (11th Cir. 1992) (citation and internal quotation marks omitted). "The party asserting error has the burden of proving that the error prejudiced a substantial right of that party." *Id.* (citation and internal quotation marks omitted).

## III. DISCUSSION

We held in *Eastgroup* that "bankruptcy courts have the power to order substantive consolidation" and outlined "a standard . . . by which to determine whether to grant a motion for substantive consolidation." 935 F.2d at 248–50. Substantive consolidation allows a bankruptcy court to determine threshold issues, such as who the debtor is and what property comprises the estate. It is useful where nominally distinct entities, in fact, share a "substantial identity." *See, e.g., id.* at 249–50; *In re Auto-Train Corp.*, 810 F.2d 270, 276 (D.C. Cir. 1987). Where an entity is "a mere instrumentality or

alter ego of the bankrupt corporation, with no independent existence of its own, equity . . . favor[s] disregarding the separate corporate entities" via consolidation. *In re Gulfco Inv. Corp.*, 593 F.2d 921, 928 (10th Cir. 1979); *see also In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000) ("Substantive consolidation enables a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation." (alteration adopted) (citation and internal quotation marks omitted)).

The bankruptcy court did not err in concluding that substantive consolidation of the debtor's alter egos was proper. It conducted a thorough analysis of the substantive consolidation factors we outlined in *Eastgroup*, and it found that No Rust and the non-debtor entities are effectively one.

The non-debtor entities do not argue that the bankruptcy court erred in that analysis. Instead, they insist that substantive consolidation requires an adversary proceeding. But even if it does, granting substantive consolidation by motion was harmless error. *See* FED. R. BANKR. P. 9005 (incorporating the harmless-error standard of review into bankruptcy proceedings); FED. R. CIV. P. 61.

The non-debtor entities have failed to prove how granting substantive consolidation by motion affected their substantial rights. Each entity received adequate notice and an opportunity to be heard before the motion was granted. *See United States v. Owen*, 963 F.3d 1040, 1052 (11th Cir. 2020) ("Because the district court gave [the party] notice and an opportunity to be heard[,] . . . any

24-13383                 Opinion of the Court                          7

error that the district court made was harmless."). Slott served a copy of the substantive consolidation motion and notice of the hearing on each non-debtor entity by first-class mail, the same manner of personal service required for an adversary proceeding. *See* FED. R. BANKR. P. 7004(b). The non-debtor entities object only that the filing was styled as a motion instead of a complaint and was served without a summons. Even so, the non-debtor entities all objected to the motion represented by the same counsel at the substantive consolidation hearings.

The non-debtor entities also argue that they were entitled to a new evidentiary hearing. But they fail to explain what another evidentiary hearing would have done for them. They do not challenge the bankruptcy court's application of the *Eastgroup* factors or the facts underlying its analysis. Instead, they raise only procedural objections to the substantive consolidation order. Smith and the non-debtors argued that they were "ready to go fact for fact" and would put on "numerous" witnesses other than Smith to point out "errors in the Court's findings." But when pressed by the bankruptcy court, they failed to explain how those errors would change the analysis. And they could not tell us either.

### IV. CONCLUSION

We **AFFIRM** the substantive consolidation order.